**QIAO LIN YANG, Petitioner,**

v.

**Michael B. MUKASEY[1], United States Attorney General, Respondent.**

**No. 07–3603–ag.**

United States Court of Appeals, Second Circuit.

April 17, 2008.

———

Theodore N. Cox, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, Office

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Qiao Lin Yang, a native and citizen of China, seeks review of an August 3, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang*, No. A 98 769 696 (B.I.A. Aug. 3, 2007), *aff'g* No. A 98 769 696 (Immig. Ct. N.Y. City Sept. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision but modifies and supplements it, this Court reviews the IJ's decision as modified and supplemented by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (*en banc*). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

### I. Exhaustion and Waiver

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." *See also, Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Here, Yang failed to assert before the BIA her claim that the IJ erred in not affording her an opportunity to respond to a question about what she feared upon return to China. Therefore, we do not address that claim here.

This Court has never held that a petitioner is limited to the "exact contours" of his or her argument to the agency. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). On the contrary, we have held that Section 1252(d)(1) allows us to consider a "specific, subsidiary legal argument[ ]" or "an extension of [an] argument ... raised directly before the BIA." *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir.2007). Contrary to the government's assertion, Yang's argument regarding the Department of State's 2004 Profile of Asylum Claims and Country Conditions in China (the "2004 Profile") did not require exhaustion because the issue was not dispositive. *See id.* at 117–18.

However, because Yang has failed to sufficiently argue before this Court that the agency erred in denying CAT relief or in finding that she failed to establish past persecution, we deem any such arguments waived.[2] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

2. Contrary to the government's argument, though, Yang did not waive any challenge to

II. *Asylum and Withholding of Removal*

Yang asserts that she established a well-founded fear of future persecution because the 2004 Profile indicates that the family planning policy prohibits unmarried women from having children and indicates that government officials sometimes carry out forced abortions and sterilizations. As Yang argues, the IJ erred in finding that the 2004 profile does not indicate that China's family planning policy applies to single women because it explicitly states that "it is illegal in almost all provinces for a single woman to bear a child." Nonetheless, the record supports the agency's finding that Yang failed to establish a well-founded fear of persecution. The IJ properly found that the 2004 Profile does not indicate that Chinese officials forcibly abort or sterilize single women for having children. In fact, it states that central government policy prohibits the use of physical coercion and that U.S. officials are unaware of any cases in which physical force was used in connection with abortions or sterilizations under the family planning policy. Although, as Yang notes, the 2004 Profile indicates that forced abortions and sterilizations do occasionally occur in rural areas, the IJ did not err in finding that her claim was speculative where no information in the report concerning those incidents indicates that someone in her position—a single mother with one child born in the United States—would be forcibly sterilized upon return to China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005).

Therefore, the agency properly denied asylum where Yang failed to establish an objectively reasonable fear of persecution. *See* 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Because Yang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.

---

the agency's finding that any punishment she might face for violating the family planning policy would not rise to the level of persecution, because she argues that the record indicates that Chinese government officials do carry out forced abortions and sterilizations on occasion.

